**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANDREL C. BROOKS,

                                     Petitioner,

      - v -                                                  Civ. No. 9:01-CV-760
                                                                (GLS/RFT)

HANS G. WALKER, Superintendent,

                                     Respondent.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

ANDREL C. BROOKS
Petitioner, *pro se*
98-B-0552
Auburn Correctional Facility
135 State Street
Auburn, New York 13021

HON. ELIOT SPITZER                           ROBIN A. FORSHAW, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Respondent
Office of Attorney General
120 Broadway
New York, New York 10271

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

      Currently before this Court is a Petition for a Writ of *Habeas Corpus*, filed by *pro se* Petitioner Andrel C. Brooks, pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Pet. In 1995, Petitioner was convicted of second degree conspiracy and criminal possession of a controlled substance in the first and third degrees. In support of his Petition, Brooks asserts that his conviction is invalid and should be vacated because (1) the County Court committed numerous errors during

the course of the criminal proceedings below; (2) his conviction was procured by the use of evidence obtained in violation of Brooks's Fourth Amendment rights; (3) the prosecution fraudulently obtained jurisdiction over Brooks through the use of a defective indictment; and (4) Brooks was denied the effective assistance of trial counsel. *See* Pet. at pp. 5-6.[1] For the reasons that follow, this Court recommends that the Petition be **denied**.

## I. BACKGROUND

According to the testimony adduced at trial, in the 1990s, James Pope illegally purchased significant quantities of cocaine, which he in turn sold to individuals in various cities in upstate, New York. *See* Transcript of Trial of *State v. Rodriguez et al.* (10/14/97) [hereinafter "Trial Tr."] at pp. 1977-86. Pope thereafter began purchasing large quantities of cocaine from Puerto Rico (Trial Tr. at pp. 2061-62), and eventually decided to expand his drug trade to the Detroit, Michigan area (Trial Tr. at pp. 2303-04). In January or February of 1996, Pope requested that Carol Brooks (Carol) – who worked for Pope – contact her cousin, Petitioner, and attempt to recruit him as Pope's drug dealer in the Detroit area. Trial Tr. at pp. 2303-05 & 3524. Carol and Petitioner discussed Pope's offer, and Brooks soon began selling cocaine on Pope's behalf. Trial Tr. at pp. 2305-06 & 3549-51. After having gained Pope's confidence as a reliable seller of cocaine, Brooks's relationship with Pope grew to the point where Pope began suppling Brooks with significant quantities of cocaine for resale. Trial Tr. at

---

[1] On June 20, 2001, United States District Judge Lawrence E. Kahn directed Brooks to file an amended petition in this action. Dkt. No. 2. Since Brooks failed to comply with that Order, or otherwise file any document in response to Judge Kahn's Order, this action was dismissed on August 21, 2001. Dkt. No. 4. Petitioner appealed, and on October 24, 2002, the Second Circuit Court of Appeals remanded this action for additional proceedings. Dkt. No. 14. This Court thereafter ordered Respondent to file a response to Brooks's Petition. Dkt. No. 17. On August 28, 2003, the Office of the Attorney General for the State of New York (Attorney General), acting on Respondent's behalf, filed an Affidavit and Memorandum of Law requesting dismissal of the Petition. *See* Dkt. Nos. 22-23.

p. 2306.

The evidence also established that on several occasions, Brooks spoke on the telephone with Pope or his representatives to facilitate the sale of drugs. For example, during a telephone conversation between Carol and Brooks on April 29, 1996, the two discussed thousands of dollars Brooks had recently given to Carol after he had sold Pope's drugs. Trial Tr. at pp. 3555-59. During a telephone conversation on May 4, 1996, Brooks informed Carol that despite having $37,000 in drug proceeds, he still possessed a kilogram of cocaine for resale. Trial Tr. at pp. 3601-02. On May 15, 1996, during a telephone conversation between Pope and Brooks, Pope requested that Brooks sell several kilograms of Pope's cocaine for $20,500 per kilogram. Trial Tr. at p. 2314-18. Soon thereafter, two other individuals who worked for Pope traveled to Michigan and delivered approximately three kilograms of cocaine to Brooks in exchange for $20,000. Trial Tr. at pp. 3251-59. Additionally, during a telephone call between Brooks and Carol on May 21, 1996, Brooks informed Carol that he had sold $51,000 worth of drugs and still possessed four kilograms of cocaine for resale. Trial Tr. at pp. 3615-17.

Based upon wiretapped telephone conversations and other evidence, the police eventually determined that Pope was involved in illegal narcotics trafficking. Trial Tr. at pp. 2825-29. The ensuing investigation ultimately led to Brooks being arrested while he was incarcerated in Detroit. Trial Tr. at pp. 3982-83. On December 5, 1996, a Broome County grand jury returned an indictment against Brooks that charged him with second degree conspiracy, and first and third degree criminal possession of a controlled substance. *See* Indictment No. 96-702 (Initial Indictment). On May 29, 1997, a superceding indictment was returned against Petitioner and several other individuals. In that accusatory instrument, Brooks

was charged with: (1) second degree conspiracy; (2) first degree criminal possession of a controlled substance (based upon his possession of four ounces or more of cocaine on April 29, 1996 and May 4, 1996); and (3) criminal possession of a controlled substance in the third degree (based upon his possession of cocaine on April 29, 1996 and May 4, 1996, without reference to its weight). *See* Superceding Indictment No. 97-360 (Superceding Indictment) at Counts I, VIII, and IX.

On September 18, 1997, County Court Judge Patrick H. Mathews conducted a hearing relating to Brook's pre-trial motion, filed by his counsel, to sever his trial from that of his co-defendants. *See* Dkt. No. 26 (Severance Tr.). Following that proceeding, Judge Mathews issued a Decision and Order in which he denied Brooks's severance motion because Brooks failed to establish that his defense to the charges was antagonistic to that of his co-defendants. *See People v. Brooks*, No. 97-360 (Broome Cty. Ct. Oct. 7, 1997) (Dkt. No. 22, Ex. G) (October 1997 Decision) at p. 1.

Beginning on October 14, 1997, Brooks and four other defendants were tried before a jury in Broome County Court on the charges contained in the Superceding Indictment with Judge Mathews presiding. At the conclusion of that trial, Brooks was found guilty of all charges brought against him. Trial Tr. at p. 4858. On February 6, 1998, Brooks appeared before Judge Mathews for sentencing. At that proceeding, Brooks was adjudicated a second felony offender based upon two prior felony convictions in the state of Michigan. *See* Transcript of Sentencing of Andrel C. Brooks (2/6/98) (Sentencing Tr.) at pp. 2-3. Brooks was then sentenced to concurrent terms of imprisonment of twenty years to life on his first degree criminal possession of a controlled substance conviction, ten to twenty years imprisonment due

to his third degree criminal possession of a controlled substance conviction, and ten to twenty years imprisonment attributable to his second degree conspiracy conviction. Sentencing Tr. at pp. 13-14.

Brooks appealed his convictions and sentences to the New York State Supreme Court Appellate Division, Third Department. That court affirmed, *see People v. Brooks*, 701 N.Y.S. 2d 529 (N.Y. App. Div., 3d Dep't 2000), and the New York Court of Appeals denied Brooks's application for leave to appeal, *see People v. Brooks*, 733 N.E.2d 233 (N.Y. 2000).

On June 20, 2001, Brooks filed a motion to vacate his judgment of conviction pursuant to New York's Criminal Procedure Law (CPL), Section 440.10 (CPL Motion). Dkt. No. 22, Ex. G. That application was opposed by the District Attorney. Dkt. No. 22, Ex. H. In a Decision and Order, dated August 29, 2001, Judge Mathews denied Brooks's CPL Motion in all respects. Dkt. No. 22, Ex. I (August 2001 Decision). Petitioner filed the instant Petition on May 21, 2001.

## II. DISCUSSION

To reiterate, Brooks asserts four claims in support of his Petition: (1) errors committed by Judge Mathews during the course of the criminal proceedings below deprived Brooks of his right to a fair trial; (2) evidence used against him at his trial was obtained in violation of his Fourth Amendment right against unreasonable searches and seizures; (3) the state court's jurisdiction over Brooks was obtained by the use of a defective indictment and through prosecutorial misconduct; and (4) he was denied the effective assistance of trial counsel. *See* Pet. at pp. 5-6. In opposing Brooks's Petition, Respondent argues that Petitioner is procedurally barred from asserting the majority of claims raised in this action, and that none of

his claims have merit. Dkt. No. 23 at pp. 15-30.[2]

### A. Procedurally Barred Claims

#### 1. Adequate and Independent State Ground

Federal *habeas* review of a state-court conviction is prohibited if a state court rested its judgment on an "adequate and independent state ground." *Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995).

In opposing the Petition, Respondent contends that Brooks is procedurally barred from asserting various claims relating to alleged errors committed by Judge Matthews that purportedly deprived him of a fair trial, namely: (1) he was improperly forced to incriminate himself at his trial when Judge Mathews asked Brooks, in the presence of the jury, whether he consented to a stipulation agreed to by his counsel and the prosecution;[3] (2) Judge Matthews diminished the prosecution's burden of proof required to convict Brooks when he denied Brooks's severance motion and asked Brooks to speak in the presence of the jury; (3) the trial court's charge to the jury deprived Brooks of his right to a fair trial; and (4) Judge Mathews misinformed the jury as to the power it possessed to weigh the facts and law. Respondent also contends that Brooks is procedurally barred from pursuing his claim that his extradition from Michigan to New York was based upon a defective indictment and came about as a result of

---

[2] This matter has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b) and N.D.N.Y.L.R 72.3(c).

[3] In his CPL Motion, Brooks argued that by answering the judge's question regarding the stipulation, Brooks provided a voice exemplar which the jury could then compare with the audio recordings of the telephone conversations utilized at trial by the prosecution as evidence of Brooks's involvement in the drug conspiracy. *See* CPL Motion at pp. 8-11.

prosecutorial misconduct. *See* Dkt. No. 23 at pp. 20-24, 27-28.

In light of the above arguments, this Court must determine whether the state courts determined Brooks's claims were procedurally barred.

In denying Brooks's CPL Motion, Judge Mathews specifically noted that Brooks improperly failed to raise the following claims in his direct appeal: (1) Brooks was forced to incriminate himself at his trial; (2) the county court misinformed the jury regarding its ability to weigh the facts and law; (3) the prosecutor committed misconduct in obtaining a fugitive warrant regarding Brooks and thereafter seeking a superceding indictment against him; and (4) trial counsel rendered ineffective assistance by failing to move to dismiss the Initial Indictment. *See* August 2001 Decision at pp. 2-5. Judge Mathews denied such claims, as well as Brooks's "remaining claims," pursuant to, *inter alia*, CPL § 440.10(2)(c), because Brooks failed to raise such claims in his direct appeal and did not provide any justification for his failure to assert those claims in his direct appeal.[4] *See* August 2001 Decision at pp. 2-5; *see also* N.Y. CRIM. PROC. LAW § 440.10(2)(c). Such ruling necessarily included Brooks's claims that the county court improperly lowered the prosecution's burden of proof and provided erroneous jury instructions. *See* August, 2001 Decision at pp. 2-3; *see also* CPL Motion at pp. 7, 11, & 14-16 (Brooks's claims relating to the burden of proof required for his conviction, as well the jury charge, were asserted by Brooks in his CPL Motion).

---

[4] Section 440.10(2) provides that the trial court must deny a motion to vacate a judgment when:

(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

N.Y. CRIM. PROC. LAW § 440.10(2)(c).

A state court's denial of a claim pursuant to CPL § 440.10(2)(c) is an adequate and independent state procedural ground which generally bars federal *habeas* review of the claim. *See Burke v. Superintendent*, 9:99-CV-1790, slip op. at p. 9 (N.D.N.Y. Feb. 24, 2004) (Sharpe, D.J.) (citing *Wilder v. Herbert*, 2003 WL 22219929, at *8-9 & n.18 (S.D.N.Y. Sept. 26, 2003); *Veras v. Strack*, 2000 WL 8249, at *1 (S.D.N.Y. Jan. 4, 2000) (other citations omitted)); *see also Foreman v. Garvin*, 2000 WL 631397, at *9-10 (S.D.N.Y. May 16, 2000) (petitioner's unjustifiable failure to raise issue on direct appeal constitutes a procedural default of that claim).

Therefore, this Court finds that Brooks has procedurally defaulted on his federal claims alleging that: (1) the county court violated Brooks's right against self-incrimination (Pet., Ground One); (2) Judge Mathews diminished the prosecution's burden of proof by denying the severance motion and requesting that Brooks speak in the presence of the jury (Pet., Ground One); (3) the trial court's charge to the jury was improper (Pet., Ground One); (4) Judge Mathews misinformed the jury as to the power it possessed to weigh the facts and law (Pet., Ground One); (5) Brooks's extradition to New York was improper because it was the result of prosecutorial misconduct and based upon a defective indictment (Pet., Ground Two); and (6) trial counsel rendered ineffective assistance by failing to move to dismiss the Initial Indictment (Pet., Ground Three).[5]

---

[5] Respondent has not argued that any portion of Brooks's ineffectiveness claim is procedurally barred. *See* Dkt. No. 23. Although a district court can raise, *sua sponte*, a petitioner's procedural default as a basis for the denial of federal *habeas* relief, *see*, *e.g.*, *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000) (citing *Yeatts v. Angelone*, 166 F.3d 255, 262 (4th Cir. 1999)), the Second Circuit has held that before a court may, on its own initiative, dismiss a claim on procedural grounds, a district court must afford the petitioner notice of its intention to dismiss the claim on a procedural basis and provide the petitioner with an opportunity to be heard, *Acosta*, 221 F.3d at 124. Accordingly, if Petitioner believes that this aspect of his ineffectiveness claim is not procedurally defaulted, he should raise this contention in timely-filed objections to this Report and

### *2. Unexhausted Claims*

After Brooks filed his application for leave to appeal Judge Matthews's August 2001 Decision on Brooks's CPL Motion, the Appellate Division advised Brooks that he was required to provide that court with proof that he served a copy of his leave application on the Attorney General. Dkt. No. 22, Exh. J. However, Brooks failed to supply that court with the requested document and his leave application was never considered by the Third Department. Dkt. No. 27.

"[A] habeas petitioner must fully exhaust any claim presented to the federal habeas court in order to obtain relief." *Rivera v. Miller*, 2003 WL 21321805, at *19 (S.D.N.Y. June 10, 2003). To fully exhaust a CPL § 440 motion in state court, a party must obtain a decision from the Appellate Division regarding his leave application. *See*, *e.g.*, *Marel v. Lord*, 1998 WL 17730, at *1 (S.D.N.Y.), *aff'd*, 173 F.3d 845 (2d Cir. 1999) ("[T]he Second Circuit has held that once the Appellate Division denied [petitioner] leave to appeal the denial of [her] section 440.10 motion, [she] had reached the end of the road within the state system for purposes of exhaustion.") (alterations in original) (quoting *Klein v. Harris*, 667 F.2d 274, 284 (2d Cir. 1981) (internal quotation marks and other citations omitted)); *see also Snype v. Hoke*, 728 F. Supp. 207, 210 (S.D.N.Y. 1990); *Childs v. LeFevre*, 1993 WL 266819, at *2 (W.D.N.Y. July 12, 1993).

Since Brooks never complied with the Appellate Division's directive to provide that court with additional documentation, the Third Department never considered his leave application. Dkt. No. 27. Petitioner has therefore failed to exhaust any of the claims he raised

---

Recommendation.

in his CPL Motion. *See Klein*, 667 F.2d at 284; *Marel*, 1998 WL 17730, at *1; *Snype*, 728 F. Supp. at 210; *Childs*, 1993 WL 266819, at *2. Additionally, the Court notes that Brooks never asserted in his CPL Motion his federal claim that his trial counsel rendered ineffective assistance by failing to: (1) renew Brooks's application for severance prior to trial; or (2) argue that the prosecution did not demonstrate that Brooks constructively possessed the drugs that formed the basis of the convictions. *See* CPL Motion at pp. 1-21. Therefore, these additional theories in support of Petitioner's ineffective assistance claims are clearly unexhausted.

When a claim has not been fully exhausted in the state courts, a federal court may find that there is an absence of available state corrective process under § 2254(b) "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (federal court may address merits of a *habeas* petition containing unexhausted claims where there is no further state proceeding for petitioner to pursue or where further pursuit would be futile); *Alexis v. Smith*, 2003 WL 22434154, at *3 (S.D.N.Y. Oct. 24, 2003).

In New York, "[a] defendant is entitled to only one application for a certificate granting leave to appeal from an order denying a § 440 motion." *Hou v. Walker*, 1996 WL 684442, at *2 (E.D.N.Y. Nov. 20, 1996) (citing N.Y. CRIM. PROC. LAW § 460.15(2)). Therefore, Brooks could not now properly file a second application seeking leave from the Third Department to appeal Judge Mathews's August 2001 Decision. Since it would be futile for Petitioner to make a second leave application regarding that order, the claims raised in Brooks's CPL Motion are "deemed exhausted" for purposes of his *habeas* application. *Bossett v. Walker*, 41 F.3d 825,

828-29 (2d Cir. 1994); *Senor v. Greiner*, 2002 WL 31102612, at *10 (E.D.N.Y. Sept. 18, 2002). Although they are "deemed exhausted," they are also considered to be procedurally defaulted. *See Aparicio*, 269 F.3d at 90.

Moreover, the ineffective assistance theories discussed above which Petitioner never presented to the state courts are both based upon the state court record. Brooks cannot now pursue these claims through an appeal to the Third Department because a defendant is "entitled to one (and only one) appeal to the Appellate Division." *See Aparicio*, 269 F.3d at 91 (citations omitted). Furthermore, since "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal," *id.* (citing CPL § 440.10(2)(c)), Petitioner could not now properly raise these record-based claims in a second motion to vacate his judgment of conviction pursuant to CPL § 440.10. *See Aparicio*, 269 F.3d at 91; *Bossett*, 41 F.3d at 829. Therefore, these claims are also deemed exhausted for purposes of Petitioner's *habeas* application. *Bossett*, 41 F.3d at 828-29; *Senor*, 2002 WL 31102612, at *10.

Thus, in addition to this Court's determination that Petitioner has procedurally defaulted on many of the claims raised in his CPL Motion, this Court also finds that all of the claims raised by Petitioner which are based upon arguments he asserted in his CPL Motion, as well as the two additional theories asserted by Brooks regarding his ineffective assistance claim, which were never asserted in the state courts, are procedurally barred as unexhausted.[6]

---

[6] Respondent did not argue that Brooks failed to exhaust any of the claims raised in his Petition. *See* Dkt. No. 23. In light of this Court's recommendation that the above claims be deemed exhausted because Petitioner can no longer seek review of such claims in the state courts, Brooks must file timely objections to this aspect of the Report-Recommendation if he believes that he has exhausted the foregoing claims and that they should not be deemed exhausted and procedurally barred.

### *3. Fourth Amendment Claim*

Lastly, Petitioner also argues that his conviction was procured by the use of evidence that was obtained "pursuant to an unconstitutional seizure." Pet., Ground Two. This claim is necessarily based upon the Fourth Amendment.[7]

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (quoting *Stone v. Powell*, 428 U.S. 465, 481-82 (1976)); *see also Montero v. Sabourin*, 2003 WL 21012072, at *5 (S.D.N.Y. May 5, 2003) (quoting *Stone*, 428 U.S. at 481-82). The Second Circuit has noted that review of Fourth Amendment claims in *habeas* petitions may only be undertaken in one of two instances: (1) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (2) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process. *Capellan*, 975 F.2d at 70 (citation omitted); *see also Martinez v. Senkowski*, 2000 WL 888031, at *7 (N.D.N.Y. June 28, 2000).

New York State has provided an opportunity for defendants to fully and fairly litigate Fourth Amendment claims. *See* N.Y. CRIM. PROC. LAW § 710; *Capellan*, 975 F.2d at 70 n.1; *Jackson v. Lacy*, 74 F. Supp. 2d 173, 176 (N.D.N.Y. 1999). Since Brooks apparently did not

---

[7] The Fourth Amendment of the United States Constitution states:
The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S.Const., Amend. IV.

avail himself of the opportunity to seek the suppression of the evidence used against him at his trial,[8] this Court is precluded from considering the substance of this claim because Brooks had the ***opportunity*** to litigate his Fourth Amendment claim in the state court.  The *Stone* doctrine precludes federal review of Fourth Amendment claims even where the defendant chooses not avail himself of the opportunity to litigate such claims in the state courts.  *See Crawford v. Artuz*, 165 F. Supp. 2d 627, 637 (S.D.N.Y. 2001) ("[Petitioner's] failure to employ [CPL] § 710 precludes this court from considering his Fourth Amendment claim."); *Collins v. Scully*, 878 F. Supp. 452, 458 n.11 (E.D.N.Y. 1995) (citing *Gates v. Henderson*, 568 F.2d 830, 836-40 (2d Cir. 1977) (*en banc*)) ("[A] full and fair opportunity to litigate a Fourth Amendment claim only requires the mere presence of the opportunity, defendant need not avail himself of that opportunity.").

Since Brooks had the opportunity to litigate in the state court the Fourth Amendment claim he now asserts in his Petition, and there is no evidence that either Brooks or his counsel was precluded from raising such a claim in the state courts because of an unconscionable breakdown in the underlying process,[9] the Court recommends that this aspect of Petitioner's second ground for relief be denied in light of *Stone* and its progeny.  Moreover, since it does not appear as though Brooks asserted this Fourth Amendment claim prior to or during his criminal trial, in his direct appeal, or in his CPL Motion, this aspect of the Petition also appears to be

---

[8] This Court was not provided with a copy of any omnibus motion filed by Brooks in the state court seeking the suppression of any evidence, or any decision of Judge Mathews relating to such an application.

[9] The petitioner has the burden of proving in his *habeas petition* that his constitutional rights were violated in the state court proceeding.  *See Whitaker v. Meachum*, 123 F.3d 714, 716 (2d Cir. 1997) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941) (petitioner has the burden of "sustaining his allegations by a preponderance of evidence" on collateral review) (other citations omitted); *Frazier v. New York*, 187 F. Supp. 2d 102, 108 (S.D.N.Y. 2002) (citation omitted).

both unexhausted and procedurally barred.

### B. Federal Review of Procedurally Barred Claims

Federal courts may only consider the substance of procedurally barred claims where the petitioner can establish both cause for the procedural bar and prejudice, or alternatively, that a fundamental miscarriage of justice would occur absent federal court review. *See DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (federal review of procedurally barred claims is unavailable unless petitioner "can show cause for the default and actual prejudice resulting therefrom, or show that he is actually innocent") (internal quotations and citations omitted); *Dixon v. Miller*, 293 F.3d 74, 80-81 (2d Cir.), *cert. denied*, 537 U.S. 955 (2002) (citations omitted); *Ramirez v. Attorney Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000); *Ferguson v. Walker*, 2002 WL 31246533, at *2 (S.D.N.Y. Oct. 7, 2002) (citing *Fama*) (other citation omitted); *see generally Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

To establish "cause," a petitioner must show that some objective external factor impeded his ability to either comply with the relevant procedural rule or fully exhaust his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999) (discussing cause in context of petitioner's procedural default); *Doleo v. Reynolds*, 2002 WL 922260, at *3 (S.D.N.Y. May 7, 2002) (petitioner must demonstrate cause for failure to exhaust claims). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal. *Murray*, 477 U.S. at 488; *Bossett*, 41 F.3d at 829 (citing *Murray*); *United States v. Helmsley*, 985 F.2d 1202, 1206 (2d

Cir. 1992); *Lovacco v. Stinson*, 2004 WL 1373167, at *3 (E.D.N.Y. June 11, 2004) (citing *Murray*).[10]

Brooks has not offered any cause for his failure to raise the procedurally defaulted claims referenced above in his direct appeal, and has never alleged, in either the state courts or this proceeding, that he received ineffective assistance of counsel because his appellate counsel failed to argue any of those claims on appeal. Additionally, he has not shown cause for his failure provide the documentation required by the Appellate Division to allow that court to consider his leave application, or his failure to ever raise his ineffectiveness claims that fault his trial counsel for not renewing the severance application prior to trial and for failing to argue that the prosecution did not demonstrate that Brooks constructively possessed the subject drugs.

Since Brooks has not established cause for his procedurally defaulted and unexhausted claims, this Court need not decide whether he has suffered prejudice because federal *habeas* relief is unavailable as to procedurally barred claims unless **both** cause and prejudice is established absent proof that the failure to consider the merits of the procedurally barred claims would result in a fundamental miscarriage of justice. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985) (emphasis added); *see also McLeod v. Moscicki*, 2003 WL 22427757, at *8 (S.D.N.Y. Oct. 22, 2003) (citing *Murray*, 477 U.S. at 494); *You v. Bennett*, 2003 WL 21847008, at *7 (E.D.N.Y. July 29, 2003) (citing *Coleman*, 501 U.S. at 750); *Ayuso v. Artuz*, 2001 WL 246437, at *9 (S.D.N.Y. Mar. 7, 2001); *Pou v. Keane*, 977 F. Supp. 577, 581 (N.D.N.Y. 1997).

---

[10] However, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 752-53 (quoting *Murray*, 477 U.S. at 488).

Additionally, after reviewing the state court record, this Court finds no basis to conclude that the denial of Petitioner's procedurally barred claims would result in a fundamental miscarriage of justice, which has been interpreted as amounting to "an unjust incarceration." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 170 (2d Cir. 2000). Therefore, the Court recommends that the above-referenced claims be denied as procedurally barred.

### C. Claim Denied on the Merits by the State Court

#### 1. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant *habeas* relief to a state prisoner on a claim:

> that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The AEDPA also requires that in any such proceeding "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Boyette*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotation marks omitted).

The Second Circuit has provided additional guidance concerning a federal court's

application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### *2. Severance Claim*

In his first ground for relief, Brooks claims, *inter alia*, that Judge Mathews's denial of Brooks's severance motion deprived Petitioner of his right to a fair trial. Pet. at p. 5. Respondent contends that the Appellate Division's decision denying this aspect of Brooks's appeal (*Brooks*, 701 N.Y.S.2d at 531), is neither contrary to, nor represents an unreasonable application of, relevant Supreme Court precedent, and that therefore this claim must be denied. Dkt. No. 23 at pp. 16-20.

The improper joinder of parties does not, in itself, violate the Constitution. Rather, misjoinder only rises to the level of a constitutional violation where it results in prejudice "so great as to deny a defendant his Fifth Amendment right to a fair trial." *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986); *see also Albright v. Oliver*, 510 U.S. 266, 273 n.6 (1994) (a criminal defendant's right to a fair trial is "mandated by the Due Process Clause of the Fifth Amendment to the Constitution") (citing *United States v. Agurs*, 427 U.S. 97, 107 (1976)); *Taylor v. Hayes*, 418 U.S. 488, 501-02 (1974).

At the severance hearing, Brooks's counsel argued that severance of Brooks's trial from that of his co-defendants was warranted. *See* Severance Tr. at pp. 2-8. The District Attorney

argued against severance, and Judge Mathews thereafter concluded that it was "appropriate to proceed with one trial." Severance Tr. at p. 15; *see also* October 1997 Decision at p. 1. Judge Mathews specifically found that Brooks failed to demonstrate that his defense to the charges was antagonistic with that of his co-defendants. *See* October, 1997 Decision at p. 1. Judge Mathews also discounted Brooks's claim that he was a "minor player" in the conspiracy who would be "tainted" by the evidence the prosecution would utilize against the "major dealers," noting that Brooks and his co-defendants were all charged with committing A-1 felonies, and that Brooks was not alleged to have been involved in isolated transactions relating to the sale of cocaine. *Id*. Judge Mathews further observed that he would instruct the jury of its duty to separate and weigh the evidence presented by the prosecution as against each defendant. *Id*. at pp. 1-2; *see also* Trial Tr. at p. 4746.

In his direct appeal, Brooks challenged Judge Mathews's denial of the severance motion.[11] The Appellate Division, however, determined that aspect of Brooks's appeal to be "without merit." *Brooks*, 701 N.Y.S.2d at 531. Therefore, this Court must determine whether that finding is either contrary to, or represents an unreasonable application of, the above-referenced Supreme Court precedent.

To set aside a state court conviction because of the denial of a severance motion, a federal court must conclude that the petitioner's right to a fair trial under the Fourteenth Amendment was abridged. *Grant v. Hoke*, 921 F.2d 28, 31 (2d Cir. 1990) (internal quotation

---

[11] The Attorney General was unable to locate a copy of Brooks's appellate brief in preparing his response to the Petition. *See* Dkt. No. 23 at n.6. Thus, this Court was not provided with a copy of that brief in conjunction with the present application. However, Respondent did provide this Court with a copy of the District Attorney's brief in opposition to Brooks's appeal. *See* Dkt. No. 22 at Exh. A. In that brief, the District Attorney notes that Brooks contended in his appeal that Judge Mathews wrongfully denied Brooks's severance motion. *Id*. at p. 20.

marks and citation omitted); *Roberts v. Berry*, 1988 WL 138251, at *3 (E.D.N.Y. Dec. 19, 1988) (court may grant *habeas* relief on claim based upon failure to sever trial from co-defendant only where petitioner establishes he was deprived of a fundamentally fair trial); *see also United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990) (prejudice resulting from denial of motion to sever must be so substantial as to amount to a miscarriage of justice).

This Court has reviewed the transcript of the hearing conducted by Judge Mathews regarding Brooks's severance application, as well as the October 1997 Decision issued by Judge Mathews following that hearing. Based upon that review, this Court finds that severance of Brooks's trial from that of his co-defendants was not constitutionally required. In this regard, the Court notes that only where the defenses to the charges are "mutually antagonistic" or "irreconcilable" among the defendants is severance mandated. *Zafiro v. United States*, 506 U.S. 534, 538 (1993); *cf. United States v. Holmes*, 44 F.3d 1150, 1158 (2d Cir. 1995) (citing *Zafiro*, 506 U.S. at 538-39) ("[R]arely should motions [to sever] be granted; even more rarely are convictions reversed when severance motions have been denied."). Brooks failed to establish, in either the state courts or in this action, how his defense to the charges against him conflicted with the defenses of the co-defendants at his trial in such a manner so as to require the severance of his trial. Since Petitioner has failed to establish that Judge Mathews's decision denying his severance motion deprived Brooks of his right to a fair trial, he has necessarily failed to demonstrate that the Appellate Division's decision denying this aspect of his appeal is either contrary to, or an unreasonable application of, the Supreme Court precedent referenced above. This Court therefore recommends that this aspect of Petitioner's First Ground for relief be **denied**.

**WHEREFORE**, based upon the above, it is hereby

**RECOMMENDED**, that Brooks's Petition be **DENIED** and **DISMISSED**.

**NOTICE**: Pursuant to 28 U.S.C. § 636(b)(1), the parties have **TEN (10) DAYS** within which to file written objections to the foregoing report-recommendation. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secy of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e) and 72.

Date:   October 25, 2004
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge