**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ANDREL C. BROOKS**,

                **Petitioner**,

   v.                                          Civil No. 9:01-CV-760
                                                        (GLS)

**HANS G. WALKER, SUPERINTENDENT,**

                **Respondent.**

---

**APPEARANCES:**                      **OF COUNSEL:**

**FOR PETITIONER:**

**ANDREL C. BROOKS**
*Pro Se*
98-B-0552
Auburn Correctional Facility
135 State Street
Auburn, NY 13021

**FOR RESPONDENT:**

**HON. ELIOT SPITZER**           **ROBIN A. FORSHAW**
Office of the Attorney General    Assistant Attorney General
120 Broadway
New York, NY 10271

**Gary L. Sharpe**
**U.S. District Judge**

**Decision and Order**

**I. Introduction**

Andrel C. Brooks filed a *habeas corpus* petition challenging his New York State convictions for Conspiracy in the Second Degree and Criminal Possession of a Controlled Substance in the First and Third Degrees, and his subsequent concurrent sentences totaling ten years to life. *See Habeas Petition, Dkt. No. 1 ("Pet.")*; *see also* 28 U.S.C. § 2254. His petition was eventually referred to Magistrate Judge Randolph F. Treece who issued a report recommending that the petition be denied.[1] *See Report-Recommendation ("R&R"), Dkt. No. 28*. Brooks then filed what the court construes as timely objections. *See Brooks Objections, Dkt. No. 31*.

Although the court has read Brooks' objections as broadly as possible, they fail to comply with the federal, *habeas corpus*, and this district's local rules, and suffer from many of the infirmities discussed by this court in *Almonte v. New York State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006). Therefore, he has procedurally defaulted. Accordingly, the court has reviewed Judge Treece's report for

---

[1]The court assumes familiarity with Judge Treece's report, including his findings of facts, and the Clerk is directed to append the report to this decision. *See R&R at 2-5 (Factual Background)*.

2

clear error, and since there is none, it is adopted in its entirety, and Brooks' petition is denied and dismissed.

The court writes briefly to lend context to its clearly erroneous review, to comment on the insufficiency of Brooks' objections to Judge Treece's procedural default conclusions, and to comment on Brooks' attempt to raise a new issue - the effectiveness of appellate counsel.

## II. Background

Before considering the substance of Brooks' objections, the court must select the appropriate standard of review. That selection requires a summary analysis of the petition, the underlying litigation, the report and the specifics of the objections.

### A. Brooks' Petition and the Underlying State Proceedings

In his petition, Brooks asserted that the state trial court lacked personal jurisdiction. *See Pet. at 5, Ground Two*. Specifically, he claimed that his extradition from Michigan violated his due process and equal protection rights because it was precipitated by a fugitive warrant issued on the basis of a defective indictment.[2] *See id.* Secondly, he asserted that

---

[2] Judge Treece's report does not delineate the specific factual basis for Brooks' claim. Brooks was first indicted on December 5, 1996, and a fugitive warrant was issued for his arrest. After the warrant was executed in Michigan, Brooks waived extradition and was returned to New York for trial. On May 29, 1997, a superseding indictment was returned.

the trial court denied him a fair trial in violation of his due process rights because it compelled him to speak in the presence of the jury, denied his severance motion, impermissibly reduced the government's burden of proof, and improperly charged the jury in various ways. *See Pet. at 5, Ground One.* Lastly, he asserted that his trial counsel was ineffective because he failed to challenge the jurisdictional issue asserted in Ground One, failed to renew a pretrial severance motion, and failed to present relevant facts and legal argument during trial. *See Pet. at 6, Ground Three.*

Brooks was represented by William K. Maney, Esq., at trial, and Carl J. Silverstein, Esq. on appeal. *See Pet. at 6-7.* As related to his *habeas* petition, his appeal challenged only the denial of his severance motion and certain aspects of the jury charge. *See Appellee's Brief, Dkt. No. 22 at Ex. A; January 27, 2000 Appellate Division Decision, Dkt. No. 22 at Ex. B; Judge Mathews Decision and Order, Dkt. No. 22 at Ex. I.* He failed to

---

Without citation to relevant authority or any cogent factual argument, Brooks claims that because his extradition was precipitated by the first indictment, his Fourth Amendment rights were violated. *See Brooks June 2001 Motion to Vacate Judgment, Dkt. No. 22 at Ex. G at 16-19.* Brooks apparently presumes that because the first indictment was superseded, it was defective. The court has reviewed the two indictments, and except for supplemental details, the charges are the same. *See, e.g., R&R at 3-4.* Furthermore, Brooks never raised this issue before the trial or appellate courts.

4

challenge the jurisdictional issue, the other trial errors asserted in his petition, or the effectiveness of his trial counsel.  *See id.*  As the trial court observed in its decision denying Brooks' post-appeal motion to vacate judgment, the basis for each of these arguments was readily apparent from the underlying record.[3]  *See id., Judge Mathews Decision and Order, Dkt. No. 22 at Ex. I.*  Furthermore, Brooks readily admits in his petition that the jurisdictional issue was never raised before the trial court, and the severance motion was raised and denied.  Lastly, Brooks never challenged the effectiveness of his appellate counsel in his post-trial motion to vacate judgment.  *See id.*

### B.  Walkers' Response

In Walker's *habeas* response, he argued, *inter alia*, that Brooks had procedurally defaulted on all but one claim; namely, the ineffective assistance of trial counsel.  *See R&R* at 8 n.5.

### C.  Judge Treece's R&R

In his R&R, Judge Treece accurately characterized Brooks' claims as this court has summarized them.  Generously reading those claims as broadly as possible given Brooks' *pro se* status, Judge Treece construed

---

[3] Judge Treece concurred with that observation as does this court.

5

the jurisdictional claim as one arising under the Fourth Amendment; namely, the seizure of Brooks.  *See R&R* at 12.  Brooks also designated the Fourth Amendment as the basis for this claim.  *See supra* n.*2*.  As to all but the Fourth Amendment claim, Judge Treece found that Brooks had procedurally defaulted because he failed to raise his federal claims on direct appeal and because the trial court denied his post-trial motion for that reason.  *See id.* at 7-8.  Furthermore, Judge Treece found that Brooks did not exhaust his claims because he failed to raise several in his post-trial motion and failed to perfect an appeal of the trial court's denial of his post-trial motion.  *See id.* at 9-11.  Because those unexhausted claims could no longer be pursued, Judge Treece deemed them exhausted, but procedurally barred.  *See id.*  As to the Fourth Amendment claim, Judge Treece also found that Brooks had failed to exhaust and was procedurally barred.  *See id.* at 12-14.  And finally, Judge Treece found that Brooks had failed to alleviate his procedural default by establishing cause, prejudice or actual innocence.  *See id.* at 14-16.  Thus, Judge Treece recommended dismissal of Brooks' petition based upon procedural default.

Alternatively, Judge Treece addressed the merits of Brooks' severance argument directly raised in Ground One, and implicitly raised in

6

his ineffectiveness claim in Ground Three. *See R&R* at 17-19. Noting that New York's Appellate Court directly rejected this argument on the merits, Judge Treece found that its decision was neither contrary to, or an unreasonable application of, Supreme Court precedent regarding Brooks' right to a fair trial under the Fourteenth Amendment. *See id.* at 18-19.

Given the substance of Brooks' objections, the court specifically notes Judge Treece's findings regarding the ineffective assistance of counsel claim, and the resulting conclusions regarding procedural default and the failure to exhaust. *See R&R* at 8 n.5, and 11 n.6. Since Walker did not argue that the ineffective assistance of counsel claim was procedurally defaulted, Judge Treece complied with Second Circuit authority, and notified Brooks that he was considering procedural default and failure to exhaust as bases for dismissal. He directed Brooks to counter these assertions in his objections if he disagreed with the conclusions. *See id.; see also Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000).

### D. Brooks' Objections

While Brooks has generally objected to some of Judge Treece's findings, his objections reflect a fundamental misunderstanding of those

7

findings and conclusions. Furthermore, the objections fail to address the findings in any meaningful way, and offer no cogent factual or legal analysis supporting the bald allegation that they are erroneous.

First of all, he implicitly concedes all of Judge Treece's factual findings that result in the procedural default conclusions. For example, he does not deny that he failed to raise his jurisdictional argument during pretrial proceedings or on appeal; he does not deny that he failed to raise the majority of his Ground One claims on direct appeal; he does not deny that his new appellate counsel failed to raise his ineffective assistance of trial counsel claims on direct appeal; he does not deny that he failed to raise the effectiveness of appellate counsel in his motion to vacate judgment; and he does not deny that he failed to perfect his appeal of the denial of his motion to vacate judgment. Furthermore, he fails to address Judge Treece's conclusion that the denial of his severance motion did not deprive him of a fair trial. Lastly, he makes no cogent claim of cause or prejudice regarding procedural default, and makes no claim at all that he is actually innocent.

The most generous reading of Brooks' objections reflects the following arguments: (1) he was at the mercy of separate trial and appellate

8

counsel, and their failure to raise arguments at trial or on appeal are grounds to alleviate his procedural default; and (2) somehow it was the New York State Attorney General's fault that he failed to perfect his appeal from the denial of his motion to vacate.

## III.  Discussion

This court has previously articulated the principles governing procedural default as applied to *habeas corpus* objections, and the effect of that doctrine on the scope of district court review.  *See Almonte v. New York State Div. of Parole*, No. 04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006).  Thus, a petitioner procedurally defaults if, *inter alia*: (1) he fails to be specific as to the findings and recommendations to which he objects, or specifically articulate the bases for his objections, *see id.* at *2, 4; (2) he limits his objections, thus defaulting as to those he does not contest, *see id.* at *4; (3) he makes the same arguments or submits the same papers as he did to the magistrate judge without an analysis of the magistrate's findings and conclusions, *see id.*; (4) he makes frivolous or conclusory objections, *see id.*; or, (5) he seeks to raise arguments or evidence he failed to submit to the magistrate judge, *see id.* at *5.

As the court stated in *Almonte*, when a petitioner's improper

9

objections result in procedural default, the district court has no obligation to review the magistrate's report and recommendation whatsoever. *See id.* at *3. Conversely, it may nonetheless review a report under any standard it chooses since it retains jurisdiction over the case despite the referral to the magistrate judge. *See id.* at *4-5. In summary, the court observed:

> Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final judgment whether objections are raised or not. When the court does so, however, it is aware that the reports are generated by Magistrate Judges with extraordinary professional and judicial experience. Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations. Absent *de novo* review, the court will apply a "clearly erroneous" standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights. Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues.

*Id.* at *6.

Given the content of Brooks' objections, he has procedurally defaulted on each of the findings and conclusions articulated in Judge Treece's report. Therefore, the court has reviewed the report for clear error and, having discovered none, the report is adopted in full for the reasons articulated by Judge Treece.

10

As to the findings and conclusions concerning the ineffectiveness of trial counsel and Brooks' failure to perfect an appeal, Brooks has failed to offer any legal or factual justification for the failure to exhaust or the resulting procedural default.  To perfect his appeal, he simply had to file a certificate of service with New York's Appellate Court, and he did not do so.

As for his new allegation that his procedural default is, at least in part, excusable because appellate counsel was ineffective, he did not raise this claim in his petition nor in any proceeding below.  Doing so for the first time in his objections constitutes procedural default.  *See Almonte*, 2006 WL 149049, at *5.  Furthermore, the failure to raise the issue in his post-trial motion to vacate constitutes procedural default for the same reasons identified by Judge Treece as governing his failure to challenge the effectiveness of trial counsel.  *See R&R at 7-11*.  Under New York law, Brooks was required to raise a challenge to the effectiveness of appellate counsel by writ of error *coram nobis*, something he has never done.  See *People v. Bachert*, 69 N.Y.2d 593 (1987); *see also Mathis v. Hood*, 851 F.2d 612, 614 (2d Cir. 1988).  Consequently, he has procedurally defaulted at the state court level, and this court would not consider his claim even if

11

he had properly raised it below. *See Smith v. Duncan*, 411 F.3d 340, 348 n.6 (2d Cir. 2005). Lastly, he has not alleged cause, prejudice or actual innocence as a basis for any of his procedural defaults or failures to exhaust.

Accordingly, and for the reasons stated, there is no clear error in Judge Treece's report, and Brooks has procedurally defaulted on his claim of ineffective assistance of appellate counsel in the state courts and in the district court.

WHEREFORE, for the foregoing reasons, it is hereby

**ORDERED** that the Report of Magistrate Judge Randolph F. Treece (*Dkt. No. 28*) is **ADOPTED IN ITS ENTIRETY**; and it is further

**ORDERED** that Petitioner Andrel C. Brook's petition for a writ of *habeas corpus* (*Dkt. No. 1*) is **DENIED AND DISMISSED**; and it is further

**ORDERED** that the Clerk of Court close this case.

**IT IS SO ORDERED.**

Dated: July 3, 2006
       Albany, New York

Gary L. Sharpe
U.S. District Judge

12